IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| GENESIS HEALTH VENTURES, INC., | : | Bankruptcy Case No. 00-2692-JHW |
| et al., | : | |
| | : | |
| Debtors. | : | |
| | : | |
| JAMES J. HAYES, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil Action No. 06-103-JJF |
| | : | |
| GENESIS HEALTH VENTURES, INC., | : | |
| et al., | : | |
| | : | |
| Appellees. | : | |

James J. Hayes, Pro Se Appellant.

Mark D. Collins, Esquire, Russell C. Silberglied, Esquire and Cynthia L. Collins, Esquire of RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware.
Of Counsel: Michael F. Walsh, Esquire of WEIL, GOTSHAL & MANGES LLP, New York, New York.
Adam P. Strochak, Esquire and Joanne M. Guerrera, Esquire of WEIL, GOTSHAL & MANGES LLP, Washington, D.C.
Attorneys for Appellees.

**MEMORANDUM OPINION**

May 23, 2006
Wilmington, Delaware

Farnan, District Judge.

    Pending before the Court is a Motion filed by Appellant James J. Hayes, appearing pro se. Appellant's Motion is captioned as a Motion To Stay Briefing Schedule For Pro Se Appellant To Prepare A Rule 9011 Motion To Sanction Debtors' Counsel And A Section 327 Motion To Disqualify Debtors' Counsel From Arguing This Appeal; Or Alternatively, A 30-Day Extension, If The Sanctions Award Against Appellant And The Motion To Reconsider Claims Are Stayed Until After The Appeal For The Appointment Of A Pre-Termination Equity Committee Is Decided (D.I. 6) filed by Appellant, James J. Hayes. Genesis Health Ventures, Inc. and Norristown Nursing & Rehabilitation Associates, L.P. (collectively, the "Reorganized Debtors") have responded to the Motion by filing Appellees' (I) Objection To Appellant's Motion To Stay The Briefing Schedule Relating To This Appeal And (II) Cross-Motion For The Entry Of An Order (A) Imposing Monetary Sanctions Against Appellant, (B) Barring Appellant From Filing Any Additional Motions In Connection With This Appeal And (C) Relieving The Reorganized Debtors Of Their Obligation To Respond To Any Additional Pleadings Filed By Appellant (D.I. 8).[1] For the reasons discussed, the Court will

---

[1] Since the filing of his Motion To Stay, Appellant has also filed the contemplated Motion To Disqualify Reorganized Debtors' Counsel from Representing The Reorganized Debtors or Alternatively Reversing The Bankruptcy Court's Denial Of An Equity Committee (D.I. 16). The Reorganized Debtors have filed a

deny Appellant's Motion and grant-in-part and deny-in-part the Reorganized Debtors' Cross-Motion.

## I. Parties' Contentions

By his Motions, Appellant contends that counsel for the Reorganized Debtors should be disqualified from continuing to represent the Reorganized Debtors in connection with the instant bankruptcy appeal, because counsel for the Reorganized Debtors has denied the equity class of shareholders representation by an equity committee. Appellant contends that by opposing the appointment of an equity committee, the Reorganized Debtors' counsel failed to represent all constituencies of the Reorganized Debtors' estate and helped conceal the alleged fraud perpetrated on the Bankruptcy Court by the subordinated debenture holders led by Richard Haskell. Appellant also contends that this alleged conduct warrants sanctions against counsel for the Reorganized Debtors.

In response, the Reorganized Debtors contend that Appellant has engaged in a series of frivolous filings both in this Court and in the Bankruptcy Court, and the Reorganized Debtors have filed an Objection to Appellant's Motion To Stay and a Cross-Motion for sanctions against Appellant. The Reorganized Debtors

---

Response To Appellant's Motion To Disqualify Reorganized Debtors' Counsel (D.I. 18), and to date, Appellant has failed to file a Reply Brief. For the reasons discussed <u>infra</u>, the Court will deny the Motion To Disqualify.

contend that Appellant's contemplated motion for sanctions and motion to disqualify counsel have no merit, but in any event, they are irrelevant to the question of whether this appeal should go forward.

In support of their request for sanctions, the Reorganized Debtors point out that Appellant has filed four separate motions seeking the appointment of an equity committee, one in this Court and three in the Bankruptcy Court.[2] The Bankruptcy Court's denial of the appointment of an equity committee was affirmed at every judicial level, and the United States Supreme Court denied Appellant's petition for writ of certiorari. The Reorganized Debtors further point out that the Bankruptcy Court has granted their motion for sanctions and awarded the Reorganized Debtors $20,000 in attorneys' fees, finding that this case represented "the quintessential case for the application of sanctions" as a result of Appellant's vexatious and repetitive filings. See Jan. 19, 2006 Hrg. Tr. at 29.

Appellant has failed to file a Reply Brief in support of his Motion To Stay. Instead, Appellant has filed the Motion To Disqualify Reorganized Debtors' Counsel, which was contemplated by his Motion To Stay.

---

[2] Appellant has also filed a second request in this Court to reverse the Bankruptcy Court's denial of an equity committee as a form of alternative relief to his motion to disqualify counsel. (D.I. 16).

## II. DISCUSSION

### A. Whether A Stay Of This Appeal Is Warranted

On March 9, 2006, the Court entered a Briefing Order in this case requiring Appellant to file his Opening Brief within fifteen (15) days of the Court's Order. Appellant responded to the Court's Order by filing the instant Motion requesting a stay of this appeal, so that he can file motions to sanction and disqualify counsel for the Reorganized Debtors.

Appellant has already filed his Motion To Disqualify Reorganized Debtors' Counsel, and therefore, his Motion To Stay has been partially mooted. To the extent that his Motion To Stay is not moot, the Court finds no basis to stay this appeal to allow Appellant to file the contemplated sanctions motion. Appellant has not demonstrated that disqualification of counsel or sanctions are warranted in this case[3], and therefore, the Court is not persuaded that this appeal should be further delayed. Because the time-frame for the filing of Appellant's Opening Brief set by the Court's March 9 Order has already passed, the Court will set a new briefing schedule for this appeal.

---

[3] See infra Part II.B. of this Memorandum Opinion.

B.  <u>Whether Appellees Are Entitled To An Order (1) Imposing Monetary Sanctions, (2) Barring Appellant From Filing Additional Motions In Connection With This Appeal, and (3) Relieving The Debtors From Their Obligation To Respond To Any Additional Pleadings Filed By Appellant</u>

In response to Appellant's request to stay the briefing in this case, the Reorganized Debtors have filed a Cross-Motion for sanctions pursuant to 28 U.S.C. § 1927 and 28 U.S.C. § 1651. With respect to monetary sanctions, Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Courts have extended Section 1927 to non-lawyer litigants appearing <u>in propria persona</u>. Courts have also utilized 28 U.S.C. § 1651 as a means of curbing repetitive and/or frivolous filings by litigants. Section 1651 authorizes the Court to issue all "writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

The Court understands that the Bankruptcy Court has sanctioned Appellant pursuant to Section 1927 based on his vexatious, repetitive and frivolous filings. In this Court, Appellant has filed three previous appeals, Civil Action No. 01-718, 02-016 and 04-477, along with several motions in those appeals. Although Appellant has not prevailed with respect to

6

any of his filings, the Court is not persuaded, at this time, that Appellant's filings in this Court have been so vexatious as to warrant the imposition of monetary sanctions. That being said, however, the Court will not will not tolerate further filings by Appellant that are duplicative, non-responsive to the Court's Orders or that result in the delay of this litigation. Accordingly, Appellant will be required to file a brief regarding the current appeal in accordance with an Order entered by the Court; however, the Court will not entertain further motions filed by Appellant in this action, unless Appellant first obtains leave of Court for such filings. Motions filed by Appellant without leave of Court will be denied sua sponte.

To the extent Appellant wishes to file a motion for sanctions against counsel for the Reorganized Debtors, the Court declines to grant such leave. Based on the proffer contained in Appellant's Motion To Stay and the content of his Motion To Disqualify Reorganized Debtors' Counsel, the Court concludes that there is no basis upon which to justify an award of sanctions against counsel for the Reorganized Debtors.

As for Appellant's pending Motion To Disqualify Reorganized Debtors' Counsel, the Court concludes that the Motion lacks merit.[4] The primary ground upon which Appellant relies for

---

[4] The Court also concludes that Appellant is not entitled to relief as a result of several procedural deficiencies with his motion. First, counsel for the Reorganized Debtors are no longer

7

disqualification of counsel for the Reorganized Debtor is their alleged opposition to the appointment of an equity committee. The Court, however, is not persuaded that this opposition provides grounds for disqualification, particularly in light of the Bankruptcy Court's decisions, and this Court's decisions that such a committee is not warranted. As the Bankruptcy Court recognized, Appellant has repeatedly pressed the issue of an equity committee at all levels of the court system, and our system of justice does not permit the same issue to be relitigated once it has been adjudicated. See Jan. 19, 2006 Hrg. Tr. at 23-29. Accordingly, the Court will deny Appellant's motion to disqualify counsel and his alternative request for reversal of the Bankruptcy Court's decision denying the appointment of an equity committee.

## III. CONCLUSION

For the reasons discussed, the Court will deny Appellant's Motion To Stay Briefing Schedule For Pro Se Appellant To Prepare A Rule 9011 Motion To Sanction Debtors' Counsel And A Section 327 Motion To Disqualify Debtors' Counsel From Arguing This Appeal;

---

retained pursuant to Section 327 of the Bankruptcy Code. In addition, counsel was initially retained pursuant to an order entered by the Bankruptcy Court on July 24, 2000. Appellant did not object to that order, and did not file an appeal of that order. Thus, challenges to counsel's continued retention should first be addressed by the Bankruptcy Court. Accordingly, the Court will deny Appellant's Motion To Disqualify Reorganized Debtors' Counsel for these additional reasons.

Or Alternatively, A 30-Day Extension, If The Sanctions Award Against Appellant And The Motion To Reconsider Claims Are Stayed Until After The Appeal For The Appointment Of A Pre-Termination Equity Committee Is Decided. The Court will sustain Appellees' Objection To Appellant's Motion To Stay The Briefing Schedule Relating To This Appeal and grant-in-part and deny-in-part Appellees' Cross-Motion For The Entry Of An Order (A) Imposing Monetary Sanctions Against Appellant, (B) Barring Appellant From Filing Any Additional Motions In Connection With This Appeal And (C) Relieving The Reorganized Debtors Of Their Obligation To Respond To Any Additional Pleadings Filed By Appellant. The Court will also deny Appellant's Motion To Disqualify Reorganized Debtors' Counsel From Representing The Reorganized Debtors Or Alternatively Reversing The Bankruptcy Court's Denial Of An Equity Committee.

    An appropriate Order will be entered.