IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| GENESIS HEALTH VENTURES, INC., et al., | : | Bankruptcy Case No. 00-2692-JHW |
| | : | |
| Debtors. | : | |
| | : | |
| JAMES J. HAYES, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil Action No. 06-103-JJF |
| | : | |
| GENESIS HEALTH VENTURES, INC., et al., | : | |
| | : | |
| Appellees. | : | |

James J. Hayes, Pro Se Appellant.

Michael F. Walsh, Esquire of WEIL, GOTSHAL & MANGES LLP, New York, New York.
Adam P. Strochak, Esquire and Joanne M. Guerrera, Esquire of WEIL, GOTSHAL & MANGES LLP, Washington, D.C.
Mark D. Collins, Esquire, Russell C. Silberglied, Esquire and Michael J. Merchant, Esquire of RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware.

Attorneys for Appellees, Genesis Health Ventures, Inc. and Its Former Debtor Affiliates.

Menachem O. Zelmanovitz, Esquire of MORGAN, LEWIS & BOCKIUS LLP, New York, New York.
Teresa K.D. Currier, Esquire of KLETT ROOENY LIEBER & SCHORLING, P.C., Wilmington, Delaware.

Attorneys for Appellee Mellon Bank, N.A.

<u>**MEMORANDUM OPINION**</u>

February 15, 2007
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is an appeal by Appellant, James J. Hayes, of several oral rulings made by the United States Bankruptcy Court for the District of Delaware at the January 19, 2006 Hearing. Specifically, Appellant appeals the Bankruptcy Court's decisions (1) denying Appellant's Motion For Appointment Of Pre-Final Decree Equity Committee (the "Equity Committee Motion"); (2) denying Genesis Common Stock Class's Motion For Reconsideration Of The Genesis And Multicare Senior Lender Claims and the Genesis and Multicare Senior Subordinated Note Claims (the "502(j) Motion"); and (3) granting the Reorganized Debtors' Cross-Motion For Sanctions. For the reasons discussed, the Court will affirm the January 19, 2006 oral rulings of the Bankruptcy Court, as codified in the Bankruptcy Court's March 2, 2006 Order.[1]

---

[1] The Bankruptcy Court's oral rulings were subsequently entered in an Order dated March 2, 2006, which also fixed the amount of sanctions against Appellant at $20,000 in attorneys fees and costs. Pursuant to Fed. Bankr. R. 8002(a), a notice of appeal filed after the announcement of an order, but before entry on the docket of the written order is treated as having been filed after the entry of the written order. See e.g., Gillette Foods Inc. v. Bayernwald-Fruchteverwertung, GmbH, 977 F.2d 809, 812 (3d Cir. 1992) (construing a similar provision of Fed. R. App. Proc. 4(a)(2) and holding that notice of appeal filed between the district court's announcement of its judgment on the sanctions motion and its entry of judgment for the sums awarded was deemed to be timely filed after the judgment was actually entered); In re Al Lapin, Jr., 226 B.R. 637, 640-641 (B.A.P. 9th Cir. 1998) (holding that under Fed. R. Bankr. Proc. 8002(a), an appeal of a bankrupt court order finding that sanctions are warranted was not premature, where the order fixing the amount of sanctions and ordering payment was subsequently entered more than thirty days later). Thus, Appellant's Appeal is timely and not

I.   THE PARTIES' CONTENTIONS

In appealing the rulings of the Bankruptcy Court, Appellant contends that the Bankruptcy Court abused its discretion in denying the Equity Committee Motion, because the Bankruptcy Court failed to consider whether the equity security holders were adequately represented during the critical periods of this bankruptcy proceeding, including during the negotiation, confirmation and appeal of the Plan.  In this regard, Appellant contends that the Reorganized Debtors' counsel is conflicted in its representation of the Debtors' estate.

Appellant also contends that that the Bankruptcy Court erred in dismissing his Rule 502(j) Motion, because he adequately alleged cause justifying reconsideration.  Specifically, Appellant alleged that Goldman Sachs & Co. and other Senior Loan speculators captured enormous windfall profits when they purchased their claims from the original lenders at a discount. Appellant contends that the Bankruptcy Court acknowledged these concerns, but erred in failing to conclude that they were sufficient cause to require reconsideration.

As for the Reorganized Debtors' Cross-Motion For Sanctions, Appellant contends that the Bankruptcy Court lacks jurisdiction to assess sanctions under Title 28.  Appellant also contends that his numerous efforts to get an equity committee appointed were

---

premature.

justified because the Bankruptcy Court ignored its judicial duty to decide adequacy of representation and its Constitutional duty to ensure due process.

In response, the Reorganized Debtors contend that Appellant's request for the appointment of a pre-final decree equity committee is barred by the doctrine of res judicata and collateral estoppel and is also equitably moot. The Reorganized Debtors point out that both the Bankruptcy Court and this Court have repeatedly addressed Appellant's arguments regarding the appointment of an equity committee and concluded that Appellant was not entitled to relief.

As for the Bankruptcy Court's decision to grant sanctions against Appellant, the Reorganized Debtors contend that the Bankruptcy Court has the authority to award sanctions under 28 U.S.C. § 1927, as well as under the Bankruptcy Court's inherent authority to control its own docket under Section 105 of the Bankruptcy Code. The Reorganized Debtors also contend that the Bankruptcy Court made appropriate findings regarding Appellant's bad faith to support an award of sanctions.

With respect to Appellant's 502(j) motion, the Reorganized Debtors join in the Answering Brief filed by Appellee Melon Bank, N.A. ("Mellon"), the administrative agent for the senior secured

4

lenders to Genesis Health Ventures, Inc. and Multicare AMC, Inc.[2] Mellon contends that the Bankruptcy Court correctly denied Appellant's request for reconsideration of the Senior Lender claims. Mellon contends that Appellant cannot establish cause as required by Section 502(j) and points out that these claims were allowed more than four years ago. Thus, Mellon argues in the alternative that Appellant's appeal is equitably moot.

## II. STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The appellate

---

[2] Mellon joins in the Reorganized Debtors' Answering Brief to the extent that it addresses the issues of the pre-final decree equity committee and sanctions.

5

responsibilities of the Court are further understood by the jurisdiction exercised by the United States Court of Appeals for the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a de novo basis in the first instance. In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

**III. DISCUSSION**

    A.    Whether Appellant Is Entitled To Relief On His Request For The Appointment Of A Pre-Final Decree Equity Committee

In its July 23, 2005 Memorandum Opinion in a related case, the Court concluded that Appellant's request for the appointment of a post-confirmation equity committee was equitably moot. Hayes v. Genesis Health Ventures, Inc. (In re Genesis Health Ventures, Inc.), 2005 WL 1785128 (D. Del. Jul. 23, 2005). The Third Circuit affirmed the Court's decision. In re Genesis Health Ventures, Inc., 2006 WL 2846259 (3d Cir. Oct. 4, 2006). Here, Appellant raises the same issues previous litigated in the Bankruptcy Court, in this Court and in the Third Circuit. The Court finds no reason to alter its previous conclusion. Appellant has sought the appointment of an equity committee in the underlying bankruptcy proceedings four times, including a direct request to this Court for such an appointment. Appellant's repeated requests are equitably, if not actually, moot. As the Third Circuit explained in affirming this Court's July 23, 2005 decision:

6

> The Plan as been substantially consummates. Hayes did not seek or obtain a stay of the confirmation order. The rights of third parties who have long relied on the consummated plan would be negatively affected, and the relief that Hayes seeks would likely cause the reversal or unraveling of the Plan. . . . Finally, the consummation of the plan in 2001, the reliance upon it by third parties for all these years, and the negative impact of Hayes' request for relief on the success of the plan, all operate to the detriment of the long recognized public policy supporting the finality of bankruptcy judgments.

Id. at *2. Accordingly, the Court will dismiss as equitably moot Appellant's appeal of the Bankruptcy Court's decision denying his request for a post-final decree equity committee.

    B.    <u>Whether Appellant Is Entitled To Relief On His Appeal Of The Bankruptcy Court's Denial Of His Rule 502(j) Motion</u>

Pursuant to Section 502(j) of the Bankruptcy Code, the Bankruptcy Court has the power to reconsider allowed or disallowed claims for cause. To establish cause justifying reconsideration, the movant must demonstrate at least one of the grounds set forth in Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. "[T]he Bankruptcy Court's discretion in deciding whether to reconsider a claim is virtually plenary, as the court may decline to reconsider without a hearing or notice to the parties involved." In re Colley, 814 F.2d 1008, 1010 (5th Cir.), cert. denied, 484 U.S. 898 (1987).

In denying his Section 502(j) Motion, the Bankruptcy Court stated:

> There are 2 motions presented here. One is a motion to reconsider the order allowing Genesis and Multicare senior lender claims. And we understand that 502(j) requires that cause be established in order to justify such a reconsideration, if you will, and no such cause has been provided here. One suggestion is that because there are allegations in a complaint that has been dismissed that one senior lender, or several senior lenders, who were senior lenders at the time of the confirmation achieved their position at a discount, that there is a basis to warrant a re-prioritization of the entire plan that was confirmed over 4 years ago. That's mind boggling. That's not available as an opportunity for relief. There is no opportunity to reclassify into speculative and non-speculative portions. There's no provision of the Bankruptcy Code that allows for that . . . . Right now we're operating in the framework that [the Bankruptcy Code] does not permit a division of a claim based on the price at which the holder of the claim achieved that interest. Not to mention that it's 4 years after the confirmation and what's sought is a complete revision of the confirmed plan, which has been affirmed on appeal and which cannot be disturbed at this point. So that motion must be denied.

Transcript of 1/19/06 Hearing at 24-25. The Court cannot conclude that the Bankruptcy Court's decision was erroneous. Appellant's arguments are premised on his original objections to the Plan and his reliance on unsupported allegations of fraud in Haskell, et al. v. Goldman, Sachs & Co., et al., Adv. No. 04-53375, litigation to which Appellant is not a party. The Court agrees with the Bankruptcy Court that the grounds asserted by

8

Appellant are insufficient to warrant reconsideration.

Further, and in the alternative, the Court concludes that Appellant's appeal is equitably moot. As the Bankruptcy Court acknowledged, Appellant's challenge to the Senior Lender claims would amount to the "complete revision" of a Plan that was confirmed 4 years ago. Accordingly, for the reasons discussed in the context of his appeal of the Bankruptcy Court's decision denying the appointment of an equity committee, the Court will dismiss as equitably moot Appellant's appeal of the Bankruptcy ruling denying his Section 502(j) motion.

    C.    <u>Whether The Bankruptcy Court Erred In Assessing Sanctions Against Appellant</u>

The Third Circuit has not yet expressly ruled on the question of whether the Bankruptcy Court has the authority to award sanctions under 28 U.S.C. § 1927. The Bankruptcy Court acknowledged this open question during the January 19 hearing and further acknowledged a split among courts as to whether the Bankruptcy Court fell within the contours of Section 1927. However, the Bankruptcy Court concluded, and the Court agrees, that the Bankruptcy Court retains the inherent power to award sanctions in order to enforce decorum and redress vexatious litigation. See <u>Fellheimer, Eichen & Braverman, P.C. v. Charter Technologies, Inc.</u>, 57 F.3d 1215, 1224-1225 (3d Cir. 1995) (upholding Bankruptcy Court's inherent authority to impose

sanctions).

Regardless of whether it had the authority to award sanctions, Appellant contends that the Bankruptcy Court failed to make the requisite findings that Appellant acted in bad faith, and therefore, the Bankruptcy Court's award of sanctions should be reversed. The Court disagrees. In assessing sanctions against Appellant, the Bankruptcy Court stated:

> Suffice it to say that Mr. Hayes has turned the system inside and out to try to obtain this particular relief. Whether or not he has raised the constitutional dimensions, to the extent that there are any, of the issue he has had his chance, more than once and over the course of years, to assert this position and it is time to stop. There is no opportunity in this system to keep coming back to the same issue. The same party, the same issue, the same response. The response being that there was no entitlement to have the estate pay for representation of equity in this case. There was every opportunity to retain representation. Mr. Hayes, for one, chose to represent his case on his own. He was heard at confirmation, he was heard on appeal at various junctures. Enough is enough. Indeed there is the need for sanctions, there is a need to impress upon Mr. Hayes the fact that he cannot continue to try to assert issues in the Bankruptcy Court, the District Court, or in the Court of Appeals, without consequences. Once you have an answer to a question that you raise, a basic tenet of our court system, or our jurisprudence, is that you cannot continue to come back to assert those issues again, and again and again.

Transcript of 1/19/06 Hearing at 25-26. The Bankruptcy Court went on to find that Appellant engaged in "unreasonable and

10

vexatious" litigation and that this "is the quintessential case for the application of sanctions." Id. at 29. In the Court's view, the Bankruptcy Court's findings are sufficient to support a conclusion of bad faith.

To the extent that Appellant contends that he was not afforded due process with respect to the Bankruptcy Court's decision to award sanctions, the Court also disagrees. Due process requires notice and an opportunity to be heard. See generally In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d 175, 191 (3d Cir. 2002) (stating that before sanctions can be assessed, due process requires notice and an opportunity to be heard). In this case, Appellant was on notice that sanctions were sought pursuant to Section 1927 and the inherent authority of the Bankruptcy Court[3], and Appellant was given the opportunity to be heard with respect to the imposition of sanctions, as well as with respect to the amount of sanctions ultimately assessed.[4] Accordingly, the Court cannot conclude that

---

[3] In their Cross-Motion For Sanctions, the Reorganized Debtors specifically referenced both 28 U.S.C. § 1927 and the Bankruptcy Court's inherent authority to impose sanctions including cases citing to both Section 105 of the Bankruptcy Code and 28 U.S.C. § 1651. (D.I. 27 at RD199-RD200.) See e.g., Fellheimer, 57 F.3d at 1225 (holding that particularized notice requires notice of the precise sanctioning tool to be employed).

[4] In addition to the January 19, 2006 hearing, the Bankruptcy Court indicated that counsel should file affidavits regarding their costs and fees and Appellant was provided with an opportunity to file response papers.

11

the Bankruptcy Court's decision to assess sanctions against Appellant should be reversed.

IV. **CONCLUSION**

For the reasons discussed, the Court will affirm the January 19, 2006 oral rulings of the Bankruptcy Court (1) denying Appellant's Motion For Appointment Of Pre-Final Decree Equity Committee (the "Equity Committee Motion"); (2) denying Genesis Common Stock Class's Motion For Reconsideration Of The Genesis And Multicare Senior Lender Claims and the Genesis and Multicare Senior Subordinated Note Claims (the "502(j) Motion"); and (3) granting the Reorganized Debtors' Cross-Motion For Sanctions, as codified in the March 2, 2006 Order.

An appropriate Order will be entered.