## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------x
In re:                                        :        Chapter 11
                                              :
GENESIS HEALTH VENTURES, INC.,  :        Case No. 00-2692 (PJW)
et al.,                                       :
                                              :
              Reorganized Debtor.             :
----------------------------------------------------x
JAMES J. HAYES,                               :
                                              :
              Appellant,                      :
                                              :
       v.                                     :        C.A. No. 06-103 (JJF)
                                              :
GENESIS HEALTH VENTURES, INC.,  :
et al.                                        :
                                              :
              Appellees.                      :        Re: Docket No. 33
----------------------------------------------------x
```

### GENESIS HEALTH VENTURES, INC.'S OBJECTION TO "MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL" [DOCKET NO. 33]

Genesis Health Ventures, Inc. ("GHV") and Norristown Nursing & Rehabilitation Associates, L.P. ("Norristown", collectively with GHV, the "Reorganized Debtors") hereby object (the "Objection") to the "Motion for Extension of Time to File Notice of Appeal" [Docket No. 33] (the "Extension Motion"), filed by Mr. James J. Hayes ("Mr. Hayes") in this Court on or about April 3, 2007. In support of this Objection, the Reorganized Debtors respectfully represent as follows:

### INTRODUCTION

The Extension Motion is simply the latest in a long line of harassing pleadings filed by Mr. Hayes. The Court might recall that this civil action represented the third time that Mr. Hayes, who purports to represent common stockholders (but in actuality is

not joined by any other stockholder), had appealed orders of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") to this Court. In that regard, Mr. Hayes has filed no less than four separate motions seeking the appointment of an equity committee -- one motion in this Court and three additional motions in the Bankruptcy Court. Mr. Hayes' requests for the appointment of an equity committee have been denied at every level, including the U.S. Supreme Court's denial of Mr. Hayes' petition for a writ of certiori. Mr. Hayes now comes before this Court seeking a remedy of his untimely filed appeal of an Order of this Court to the Court of Appeals for the Third Circuit (the "Third Circuit"). The Reorganized Debtors hereby oppose the relief requested in the Extension Motion because it fails to satisfy the applicable legal standards for the relief requested and request that this Court end additional frivolous litigation by Mr. Hayes by denying the Extension Motion.

## BACKGROUND

1.    Rather than belabor the Court with a detailed discussion of the numerous pleadings filed by Mr. Hayes (and the procedural history thereof), the Reorganized Debtors refer the Court to the *"Reorganized Debtors' (I) Objection to (A) 'Motion for Reconsideration of the Orders Allowing the Genesis and Multicare Senior Lender Claims; and the Genesis and Multicare Senior Subordinated Note Claims' and (B) 'Motion for Appointment of Pre-Final Decree Equity Committee' and (II) Cross-Motion for Sanctions"*, a copy of which is attached hereto as Exhibit A.

2.    On December 15, 2005 and December 12, 2005, respectively, James J. Hayes ("Mr. Hayes") filed the following motions in the Bankruptcy Court: (i) Motion for Appointment of Pre-Final Decree Equity Committee (the "Fourth Equity Committee

Motion") and (ii) Genesis Common Stock Class's Motion for Reconsideration of the Genesis and Multicare Senior Lender Claims; and the Genesis and Multicare Senior Subordinated Note Claims (the "502(j) Motion" and, together with the Fourth Equity Committee Motion, the "Hayes Motions").

3.    Genesis and its former debtor affiliates filed an objection to the Hayes Motions in the Bankruptcy Court and contemporaneously cross-moved for sanctions against Mr. Hayes in an effort to put an end to his abuse of the legal system and the costs being inflicted in defending against his frivolous, repetitive motions. The Reorganized Debtors' senior lenders (the "Senior Lenders") filed their own objection to the Hayes Motions and joined in the Reorganized Debtors' cross-motion.

4.    At a hearing held before the Bankruptcy Court on January 19, 2006, Judge Wizmur denied both of the Hayes Motions and granted the Reorganized Debtors' cross-motion for sanctions (collectively, the "Bankruptcy Court Rulings"). Mr. Hayes appealed the Bankruptcy Court's January 19, 2006 rulings to this Court.

5.    Following the completion of substantial briefing in this Court by the Reorganized Debtors, the Senior Lenders and Mr. Hayes, on February 16, 2007, this Court entered its *Final Order* affirming the Bankruptcy Court Rulings. This Court also issued and entered a *Memorandum Opinion* on February 16, 2007 in connection with its decision to affirm the Bankruptcy Court Rulings.

6.    On March 20, 2007, Mr. Hayes filed a *Notice of Appeal* to the Third Circuit. Pursuant to the *Notice of Appeal*, Mr. Hayes has attempted to appeal this Court's *Final Order* and *Memorandum Opinion*, both entered February 16, 2007 to the Third Circuit. The Third Circuit appeal is pending under Appeal No. 07-1853, styled as <u>James</u>

<u>J. Hayes v. Genesis Health Ventures, Inc., et al. (In re Genesis Health Ventures, Inc., et al.)</u> (the "Appeal").

7.     The *Notice of Appeal* was filed by Mr. Hayes thirty-two (32) days after entry of the judgment from which this appeal was taken.[1]  Rule 4(a)(1)(a) of the Federal rules of Appellate Procedure ("the Appellate Rules") provides that a party must file a notice of appeal from a district court decision within thirty (30) days of the judgment from which the appeal is taken.

8.     On or about March 26, 2007, the Clerk of the Third Circuit issued her *Letter to Counsel Advising Appeal Has Been Listed For Possible Dismissal* (the "Clerk's Notice").  The Clerk's Notice indicated that "[i]t appears that the notice of appeal was not filed within the time prescribed by Rule 4(a)(1) ...."  The Clerk's Letter further directed parties to file an responses to the Clerk's Letter concerning the potential dismissal of the Appeal with the Third Circuit no later than April 5, 2007.  A copy of the Clerk's Letter is attached hereto as <u>Exhibit B</u>.

9.     On April 5, 2007, the Reorganized Debtors filed their *Motion to Dismiss Appeal* in the Third Circuit.  Pursuant to the *Motion to Dismiss Appeal*, the Reorganized Debtors argued that the Appeal should be dismissed as being untimely.

10.     On or about April 11, 2007, Mr. Hayes filed his *Motion to Delay Consideration of Appellees'* Motion *to Dismiss Appeal Until the District Court Rules on Pending Motion For Extension of Time to File Notice of Appeal* (the "Stay Motion") with

---

[1] The Reorganized Debtors note that the thirtieth (30th) day following entry of the District Court's *Final Order* and *Memorandum Opinion* was March 18, 2007, a Sunday.  Pursuant to Appellate Rule 26(a)(3), the deadline for Mr. Hayes to timely file the *Notice of Appeal* was March 19, 2007.  As such, the *Notice of Appeal* was filed one (1) day late.

4

the Third Circuit. On April 17, 2007, the Third Circuit entered an order granting the Stay

Motion in so far as the Third Circuit ordered the disposition of the Reorganized Debtors'

*Motion to Dismiss Appeal* held in abeyance pending this Court's determination of the

Extension Motion.

## OBJECTION

11.    By the Extension Motion, Mr. Hayes seeks leave of this Court to file an

untimely notice of appeal. Appellate Rule 4(a) plainly provides that "In a civil case . . .

the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days

after the judgment or order appealed from is entered." See Appellate Rule 4(a). The late

filing of an appeal is jurisdictional in nature. See Hurst v. PNC Bank, et al., 2005 WL

1865403, *1 (3rd Cir. Aug. 8, 2005) (affirming district court's denial of party's motion

for leave to file a late appeal and noting earlier dismissal of late "... appeal for lack of

jurisdiction").

12.    Appellate Rule 4(a)(5) does provide that "The district court may extend

the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the

time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed

before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party

shows excusable neglect or good cause." See Appellate Rule 4(a)(5).

13.    The Third Circuit recognizes that determination concerning the existence

of "excusable neglect"[2] in the context of Appellate Rule 4(a)(5) should be made on a case

---

[2] Courts apply the "excusable neglect" neglect standard to *pro se* litigants such as Mr. Hayes in addition to parties represented by counsel. See e.g. Phillips v. Merchants Insurance Group, 1999 WL 278526 at *2 (2nd Cir. 1999) (applying excusable neglect standard to *pro se* litigant's failure to file a timely notice of appeal under Appellate Rule 4(a) and finding litigant's misunderstanding of the rule to not be excusable neglect); Evans v. Washington, 1996 WL (Continued)

by case basis and has identified factors that a district court should weigh and balance including "... (1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedures; (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence; (4) whether the inadvertence reflects a complete lack of diligence; or (5) whether the court is satisfied that the inadvertence resulted despites counsel's substantial good faith efforts toward compliance." Consolidated Freightways Corporation of Delaware v. Larson, 827 F.2d 916, 919 (3d Cir. 1987) (internal citations omitted). Under the circumstances, the Reorganized Debtors respectfully submit that Mr. Hayes has failed to establish good cause or excusable neglect to warrant this Court granting the Extension Motion.

14.    As an initial matter, although acting *pro se*, Mr. Hayes is an extremely active (even if frivolously[3] so) litigant. As noted above, Mr. Hayes has taken no less than (i) three appeals to this Court; (ii) three appeals to the Third Circuit; and (iii) even petitioned for a writ of certiorari in the Supreme Court of the United States on two occasions --- all of this in connection with appeals arising out of the Reorganized Debtors' chapter 11 cases alone.[4]    Therefore, although acting *per se*, Mr. Hayes

---

479695, *1 (N.D. Ill. Aug. 22, 1996) (applying excusable neglect standard to pro se litigant's late filing of a notice of appeal).

[3] It should be noted that, indeed, the order of this Court subject to the Appeal, in part, awards monetary sanctions against Mr. Hayes on account of Mr. Hayes' continued, frivolous and harassing litigation and affirmed the Bankruptcy Court's findings that Mr. Hayes "... engaged in 'unreasonable and vexatious' litigation ..." See *Memorandum Opinion* at p. 10-11.

[4] On information and belief, Mr. Hayes has engaged in similar harassing and polemic litigation tactics in other cases as well. See e.g., Hayes v. Nice Systems Ltd., Third Circuit (Continued)

6

undoubtedly has a level of legal sophistication superior to the majority of *pro se* litigants. Therefore, given that Mr. Hayes is no stranger to taking appeals to the Third Circuit, the Reorganized Debtors submit that he can claim no ignorance (nor does Mr. Hayes even attempt to do so in his Extension Motion) of the rules of procedures with respect to taking an appeal.

15.    Indeed, the only "basis" that Mr. Hayes cites for the relief requested in his 2 page Extension Motion is that mailing his *Notice of Appeal* one business day before it was due "... should have been sufficient for delivery in Wilmington on [time] ..." See Extension Motion at p. 2. This bald assertion alone should not be accepted as excusable neglect. Conversely, the Reorganized Debtors submit that mailing the *Notice of Appeal* one business day prior to the filing deadline by certified first class mail only demonstrates a complete lack of diligence on behalf of Mr. Hayes. Likewise, the Reorganized Debtors' submit that Mr. Hayes' actions in mailing the *Notice of Appeal* just one business day before it was due, do not demonstrate a good faith effort toward compliance. See Wright v. Deyton, 757 F.2d 1253, 1255 (11th Cir. 1985) (other citation omitted) (noting that "... even prisoners proceeding *pro se* cannot rely on the normal course of mail delivery to excuse an otherwise untimely filing of the notice of appeal").[5] Significantly,

---

Appeal No. 03-2262 (denying Mr. Hayes' appeal and subsequent denial of petition for writ of certiorari by Supreme Court of the United States); Hayes v. Nice Systems Ltd., Third Circuit Appeal No. 03-3841 (denying Mr. Hayes' appeal and subsequent denial of petition for writ of certiorari by Supreme Court of the United States); Denver Area Meat Cutters and Employers Pension Plan, et al. v. James L. Clayton, et al., Case No. E2005-01557-COA-R3-CV (Tenn. Ct. App. May 9, 2006) (affirming judgment of the trial court and assessing appeal costs against Mr. Hayes).

[5] The Reorganized Debtors submit that the facts and circumstances of the Extension Motion are entirely distinct from those confronted by the Court in Ramseur v. Beyer, 921 F.2d 504 (3d Cir. 1990). In Ramseur, the Third Circuit concluded that a notice of appeal that inexplicably arrived at the Court thirteen days after it was mailed (i) from a location in a near-by (Continued)

this Appeal is not the first that Mr. Hayes has commenced on an untimely basis. Indeed, this Court granted the Reorganized Debtors' motion to dismiss another of Mr. Hayes' endless appeals from the Bankruptcy Court to this Court on the basis that his appeal was untimely commenced. See James J. Hayes v. Genesis Health Ventures, Inc., et al., Order, dated January 26, 2006, Civil Action No. 06-397 (JJF) (dismissing Mr. Hayes' appeal of a Bankruptcy Court order where notice of appeal was filed five days after the time allotted under rule 8002(a) of the Federal Rules of Bankruptcy Procedure).

16.    In sum, Mr. Hayes has failed to demonstrate excusable neglect as required under Appellate Rule 4(a)(5) in connection with the Extension Motion. Rather, the tardiness of the filing of Mr. Hayes' *Notice of Appeal* with this Court, despite his extensive track record of regularly taking appeals to the Third Circuit, is simply the foreseeable consequence of only mailing the *Notice of Appeal* one business day before it was due. The Reorganized Debtors submit that Mr. Hayes' lack of judgment in transmitting his *Notice of Appeal* in a manner that failed to ensure its timely filing is not excusable neglect and, as such, the Extension Motion should be denied.

---

town from the Court and (ii) six days before the due date was sufficient to establish excusable neglect under Appellate Rule 4(a)(5). In contrast, Mr. Hayes' *Notice of Appeal* was mailed (i) from a location approximately 125 miles from the Court and (ii) only one business day before it was due.

WHEREFORE, the Reorganized Debtors respectfully request the entry of an order denying the Extension Motion and granting the Reorganized Debtors such further relief as the Court deems just and proper.

Dated: April 20, 2007
Wilmington, Delaware

Respectfully submitted,

Russell C. Silberglied (No. 3462)
Jason M. Madron (No. 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

-and-

Michael F. Walsh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

-and-

Adam P. Strochak
Joanne M. Guerrera
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, NW, Suite 900
Washington, D.C.  20005
Telephone:  (202) 682-7000
Facsimile:  (202) 857-0940

*Attorneys for Appellees Genesis Health Ventures, Inc. and Norristown Nursing & Rehabilitation Associates, L.P.*

# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x
In re:                                    :      Chapter 11
                                          :
GENESIS HEALTH VENTURES, INC., :                 Case No. 00-2692 (JHW)
*et al.,*                                 :
                                          :
        Reorganized Debtor.               :
-------------------------------------------------------x
In re:                                    :      Chapter 11
                                          :
NORRISTOWN NURSING AND            :              Case No. 00-2716 (JHW)
REHABILITATION ASSOCIATES, L.P. :
                                          :      Re: Docket Nos. 2294, 2299, 2303 and 2306
        Reorganized Debtor.               :      Hearing Date: January 19, 2006 at 9:30 a m
                                          :      Objection Deadline on Cross-Motion: At Hearing
-------------------------------------------------------x

REORGANIZED DEBTORS' (I) OBJECTION TO
(A) "MOTION FOR RECONSIDERATION OF THE ORDERS
ALLOWING THE GENESIS AND MULTICARE SENIOR LENDER
CLAIMS; AND THE GENESIS AND MULTICARE SENIOR SUBORDINATED
NOTE CLAIMS" AND (B) "MOTION FOR APPOINTMENT OF PRE-FINAL
DECREE EQUITY COMMITTEE" AND (II) CROSS-MOTION FOR SANCTIONS

Genesis Health Ventures, Inc ("GHV") and Norristown Nursing &

Rehabilitation Associates, L P ("Norristown", collectively with GHV, the "Reorganized

Debtors") hereby (I) object to (a) the Motion for Reconsideration of the Orders Allowing the

Genesis and Multicare Senior Lender Claims; and the Genesis and Multicare Senior

Subordinated Note Claims [Docket No 2303], filed by Mr James Hayes ("Hayes"), and (b)

the Motion for Appointment of Pre-Final Decree Equity Committee [Docket No 2306] (the

"Fourth Equity Committee Motion"), filed by Mr Hayes; and (II) cross-move for sanctions

against Mr Hayes (the "Cross-Motion"). In support of this objection and the Cross-Motion,

the Reorganized Debtors respectfully represent as follows:

## INTRODUCTION

On November 23, 2005, the Reorganized Debtors filed their motion for a final decree [Docket No 3022] (the "Final Decree Motion") seeking the entry of an order closing the above-captioned chapter 11 cases pursuant to section 350(a) of the United States Bankruptcy Code, 11 U S C §§ 101-1532 (the "Bankruptcy Code") In response to the Final Decree Motion, Mr. Hayes, who purports to represent common stockholders (but in actuality is not joined by any other stockholder), has filed, inter alia, (i) a motion for reconsideration of the Reorganized Debtors' senior secured lenders' (the "Senior Lenders") claims pursuant to section 502(j) of the Bankruptcy Code and (ii) the Fourth Equity Committee Motion The Reorganized Debtors object to each of these motions for the reasons set forth below

Additionally, the Reorganized Debtors have filed the Cross-Motion against Mr Hayes for reimbursement of their costs and fees in filing this pleading As discussed herein, Mr. Hayes has previously filed three motions for the appointment of an equity committee -- two motions in this Court and an additional motion with the United States District Court for the District of Delaware (the "District Court") Mr Hayes' requests for the appointment of an equity committee have been denied at every level, including the U.S Supreme Court's denial of Mr Hayes' petition for a writ of certiorari Notwithstanding the denial of such requests, Mr Hayes has inconceivably filed a fourth motion for the appointment of an equity committee The Reorganized Debtors' Cross-Motion is intended to finally put an end to Mr Hayes' abuse of the legal system and the costs he is inflicting on the constituents of these bankruptcy cases in pursuit of his frivolous, repetitive motions The Reorganized Debtors respectfully request that the Court send a clear message to Mr Hayes by ordering that he bear the Reorganized Debtors' costs and fees in filing this pleading

2

## RELEVANT BACKGROUND

1.    On June 5, 2001, the Reorganized Debtors, together with certain of their affiliates, filed a joint plan of reorganization (as amended, the "Plan") and disclosure statement, pursuant to section 1125 of the Bankruptcy Code. The hearing to consider confirmation of the Plan was held on August 28-29, 2001 (the "Confirmation Hearing"). At the Confirmation Hearing, Mr. Hayes objected to the Plan and, for the first time, moved for the appointment of an equity committee (the "First Equity Committee Motion"). On September 12, 2001, the Bankruptcy Court issued an opinion in which it concluded that it would confirm the Plan, overruled Mr. Hayes' objection and denied the relief requested in the First Equity Committee Motion.

2.    Immediately following the entry of the judgment, Mr. Hayes filed a notice of appeal. On September 20, 2001, following the entry of an order confirming the Plan (the "Confirmation Order"), Mr. Hayes filed an amended notice of appeal. The only difference between the September 13th and September 20th notices of appeal was the handwritten notation on the latter reflecting that the "judgment, order or decree" appealed from was the Confirmation Order dated September 20, 2001 rather than the opinion on confirmation dated September 12, 2001. The filing of the second notice of appeal, however, resulted in the docketing of two separate appeals: (i) Civil Action No. 02-216; and (ii) Civil Action No. 01-718. The docketing of separate, duplicative appeals in the District Court generated considerable confusion among the parties and the District Court. GHV proceeded under the impression that case number 02-016 was the operative appeal. Mr. Hayes, and in some instances, the District Court, however, filed certain papers in case number 01-718.

3

3      On January 2, 2002, the District Court established a briefing schedule in case number 01-718, requiring appellant's brief to be filed by January 18, 2002  On that date, instead of filing an appeal brief, Mr Hayes filed a motion with the District Court seeking the appointment of an equity committee (the "Second Equity Committee Motion") for the purpose of pursuing his appeal of the Plan and Confirmation Order and requesting a postponement of the briefing deadline  On January 30, 2002, GHV filed an opposition to the Second Equity Committee Motion and simultaneously filed a motion to dismiss Mr Hayes' appeal on the ground of equitable mootness

4      On September 30, 2002, the District Court denied the Second Equity Committee Motion in an order entered in case number 01-718, on the grounds that the District Court had no authority to appoint an equity committee  On that same date, the District Court granted GHV's motion to dismiss Mr Hayes' appeal in an order entered in case number 02-016, based on the doctrine of equitable mootness  Mr Hayes did not appeal the District Court's order dismissing case number 02-016

5      On November 6, 2002, the District Court *sua sponte* entered a further scheduling order in case number 01-718 requiring appellant to file his opening brief by November 22, 2002  GHV, believing that Mr Hayes' appeal had been fully resolved by the dismissal of case number 02-016, made an inquiry to the Clerk of the District Court, who advised that the second appeal (01-718) had been docketed in error  When Mr Hayes filed a brief in case number 01-718, GHV wrote to the District Court, advising the District Court of its belief that 01-718 and 02-016 were in fact identical appeals from the same order of the Bankruptcy Court, and requesting guidance from the District Court as to whether it was necessary to file a separate motion to dismiss case number 01-718  Mr Hayes responded to

4

the GHV letter stating that the doctrine of equitable mootness did not apply to the second appeal. On March 12, 2003, the District Court *sua sponte* entered an order in case number 01-718 concluding that case number 01-718 and case number 02-016 were in fact the same appeal, and dismissing case number 01-718 for the same reasons that it previously had dismissed case number 02-016.

6.    After this Court dismissed case number 01-718, Mr. Hayes filed a motion to reopen that case. On February 26, 2004, the District Court issued a Memorandum Opinion denying Mr. Hayes' motion to reopen case number 01-718. Mr. Hayes appealed the February 26, 2004 Memorandum Order in case number 01-718 to the United States Court of Appeals for the Third Circuit (the "Third Circuit"). The appeal was fully briefed, and on December 6, 2004 the Third Circuit affirmed the District Court's decision in its entirety and later denied a motion for rehearing en banc. Mr. Hayes petitioned for certiorari in the Supreme Court, which was denied by the Supreme Court on June 20, 2005. Hayes v. Genesis Health Ventures, Inc., 125 S. Ct. 2947, 162 L. Ed. 2d 868 (2005).

7.    On October 5, 2001, Mr. Hayes filed yet another motion for appointment of an equity committee (the "Third Equity Committee Motion") with the Bankruptcy Court. Mr. Hayes never set the Third Equity Committee Motion for hearing and it remained undecided for approximately two and one-half years. On March 13, 2004, Mr. Hayes sent a letter to Judge Wizmur "respectfully requesting a decision on his Motion to Appoint an Official Committee of Equity Security Holders." On April 23, 2004, GHV responded to the Third Equity Committee Motion.

8.    On May 13, 2004, the Bankruptcy Court heard the Third Equity Committee Motion. Judge Wizmur again listened to arguments on this issue from both sides

5

and reviewed the history of Mr Hayes' appeals  The Bankruptcy Court ultimately denied

Mr Hayes' motion on both substantive and procedural grounds, finding that: (1) Mr Hayes'

request for appointment of an equity committee was "grossly untimely;" (2) the doctrine of

equitable mootness applied to the Plan; and (3) the appointment of a post-confirmation equity

committee is only available in the most extraordinary situations, which was not the case here

      9     Disregarding all of these rulings, Mr Hayes again appealed the

Bankruptcy Court's denial of the appointment of an equity committee, and on April 27, 2005,

the District Court *sua sponte* entered a scheduling order in case number 04-0477  On July

23, 2005, the District Court affirmed the Bankruptcy Court's denial of the appointment of an

equity committee finding that the Bankruptcy Court had correctly denied Mr Hayes' request

for the appointment of a post-confirmation equity committee  The District Court also noted

that Mr Hayes had exhausted all avenues to challenge the confirmation order, his challenge

to the Bankruptcy Court's denial to appoint a post-confirmation equity committee to guide

the appeal of the confirmation order, was actually moot given that appeal the U S  Supreme

Court denied Hayes' petition for a writ of certiorari on June 20, 2005

      10.    Not content with the District Court's ruling on August 23, 2005, Hayes

filed a notice of appeal with the Third Circuit  A briefing schedule was circulated to the

parties on January 6, 2006

## ARGUMENT

I.    THE REORGANIZED DEBTORS' OBJECTIONS TO THE HAYES' MOTIONS

A.    **The Reorganized Debtors Join in the Objection of Mellon Bank,
N.A. to Motion for Reconsideration of the Senior Lender Claims.**

11    Mr Hayes has filed a motion for reconsideration of the Senior
Lenders' claims pursuant to section 502(j) of the Bankruptcy Code. On January 10, 2006,
Mellon Bank, N A , acting as administrative agent for the Senior Lenders, filed the Objection
of Mellon Bank, N A to Motion for Reconsideration of the Senior Lender Claims (the
"Senior Lender's Objection") The Reorganized Debtors hereby join in the Senior Lender's
Objection and incorporate by reference the positions adopted therein

B.    **Mr. Hayes' Fourth Equity Committee Motion Should Be Denied for
the Same Reasons That His Three Prior Motions Were Denied.**

12    As discussed in detail above, Mr Hayes has filed two prior motions
with this Court, and an additional motion with the District Court, requesting the appointment
of an equity committee    Notwithstanding denial of the requested relief at every level,
including the U S Supreme Court having denied his petition for a writ of certiorari, Mr
Hayes filed the Fourth Equity Committee Motion requesting the appointment of an equity
committee, this time for the "sole" purpose of challenging a ministerial motion to finally
close these fully administered bankruptcy cases

13    Mr Hayes' additional request for the appointment of an equity
committee is even more "grossly untimely" than his last one, not supported by the facts of
this case, barred by the doctrines of *res judicata* and collateral estoppel and moot as a result
of the U S Supreme Court having denied his petition for a writ of certiorari    This Court is
intimately familiar with the application of the relevant legal standards to this case, having

7

previously denied Mr Hayes' requests for such relief on September 12, 2001 and May 13, 2004, respectively  Accordingly, the Reorganized Debtors will not belabor the Court with additional briefing on such issues and hereby incorporate by reference their pleadings filed in connection with Mr Hayes' prior requests for the appointment of an equity committee

## II. THE REORGANIZED DEBTORS' CROSS-MOTION FOR REIMURSEMENT OF THEIR FEES AND EXPENSES INCURRED IN FILING THIS PLEADING

14    Pursuant to section 1927 of title 28 of the United States Code, a court may assess costs against any person that unreasonably and vexatiously multiplies the proceedings in a case  More specifically, section 1927 provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct

28 U S C  § 1927; see In re Volpert, 177 B R  81 (N D  Ill  1995) (holding that bankruptcy court has jurisdiction to award sanctions under 28 U S C  § 1927); Knepper v. Skekloff, 154 B R  75 (N D  Ill  1993) (same)  A number of courts addressing the issue have held that a court's authority to issue sanctions under section 1927 extends to non-lawyer litigants  See, e.g., Brown v  Adidas Int , 938 F  Supp  628 (S D  Cal  1996) (applying section 1927 to non-lawyer litigants appearing *in propria persona*); Odbert v United States, 576 FSupp 825 (E D  Cal  1983) (finding that section 1927 applied to petitioner appearing *in propria persona* either as party or as counsel)

15    Additionally, a court has the inherent authority under section 1651 of Title 28 to issue all "writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law "  28 U S C  § 1651  Courts have repeatedly

8

used this inherent authority to issue orders to manage their case loads and/or stem vexatious litigation  See, e.g., Armstrong v. Ruston (In re Armstrong), 309 B R  799 (10th Cir  B A P  2004) *cert  denied*, 125 S  Ct  431 (2004), *petition for rehearing denied*, 125 S C  950 (2005) (appellate court upheld bankruptcy court's imposition of specific filing restrictions upon a pro-se chapter 11 debtor pursuant to 11 U S C A  § 105 and 28 U S C A  § 1651(a) whose record demonstrated he was a vexatious litigant who repeatedly attempted to challenge the confirmation order with repetitive and frivolous motions); Woodward v. June Dicks (In re Dicks), 306 B R  700 (Bankr  M D  Fla  2004) ("This Court has inherent authority to enjoin vexatious litigation by litigants who have settled on a course of conduct involving the repetitive filing of duplicative legal papers rearguing a position rejected a multitude of times by numerous trial and appellate courts, where such litigation causes needless expense to other parties, where the litigants have no objective, good-faith expectation of prevailing, and where the multiple filings place an unnecessary burden on the courts ") [1]

16    The Reorganized Debtors respectfully request that the Court exercise its authority under each of these statutes by ordering Mr  Hayes to reimburse the Reorganized Debtors for their fees and costs incurred in filing this pleading  As discussed above, Mr  Hayes has previously filed three separate motions for the appointment of an equity committee  Each of his motions has been denied, both at the Bankruptcy Court level and on multiple levels of appeal  Notwithstanding such results, Mr  Hayes has filed a fourth motion for appointment of an equity committee  This must stop  Mr  Hayes' frivolous, repetitive motions are an abuse of the legal system, which have inflicted significant costs and expenses on the constituents of these bankruptcy cases and wasted many Courts' time  The

---

[1]  The concepts underlying Fed  R  Bankr  Proc  9011, which also apply to pro se litigants, further support this application

RLF1-2966509-2

Reorganized Debtors should not be forced to incur additional legal fees in objecting to the Fourth Equity Committee Motion given the Court's previous decisions on the issue in these cases  Accordingly, the Reorganized Debtors respectfully request that the Court send a clear message to Mr  Hayes by ordering that he bear the Reorganized Debtors' fees in filing this pleading

[REMINDER OF PAGE INTENTIONALLY LEFT BLANK]

10

## CONCLUSION

WHEREFORE, the Reorganized Debtors respectfully request that this Court enter an order (1) denying Mr Hayes' motion for reconsideration of the Senior Lenders' claims, (ii) denying the relief requested in the Fourth Equity Committee Motion, (iii) granting the Reorganized Debtors' Cross-Motion for sanctions and (d) granting such other and further relief as the Court deems just and proper.

Dated: January 11, 2006
       Wilmington, Delaware

                                    /s/ Russell C. Silberglied
                                Mark D Collins (No 2981)
                                Russell C Silberglied (No 3462)
                                Cynthia L Collins (No 4337)
                                RICHARDS, LAYTON & FINGER, P A
                                One Rodney Square
                                P O Box 551
                                Wilmington, Delaware 19899

                                and

                                Michael F Walsh
                                WEIL, GOTSHAL & MANGES LLP
                                767 Fifth Avenue
                                New York, New York 10153

                                and
                                Adam P Strochak
                                Joanne M Guerrera
                                WEIL, GOTSHAL & MANGES LLP
                                1300 Eye Street, NW
                                Suite 900
                                Washington, D C 20005

                                Attorneys for Reorganized Debtors Genesis
                                Health Ventures, Inc. and Norristown Nursing
                                & Rehabilitation Associates, L P

# **Exhibit B**

OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS

Marcia M. Waldron
Clerk

FOR THE THIRD CIRCUIT
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Telephone
215-597-2995

www.ca3.uscourts.gov

March 26, 2007

Mr. James J. Hayes
4024 Estabrook Drive
Annandale, VA  22003

(Russell C. Silberglied, Esq.
(Cynthia L. Collins, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

Teresa K.D. Currier, Esq.
Buchanan Ingersoll & Rooney
1000 West Street
Suite 1410, P.O. Box 1397
Wilmington, DE  19801

**RE: Docket No. 07-1853**
   **In Re Genesis Health**
   **D. C. Bankruptcy No. 06-cv-00103**

Dear Counsel:

     This will advise you that the within appeal will be submitted to a panel of this Court for possible dismissal.

     It appears that the notice of appeal was not filed within the time prescribed by Rule 4(a)(1), Fed. R. App. P., made applicable by Rule 6(b)(1).  The judgment/order appealed was entered on 2/16/07, but the notice of appeal was not filed until 3/20/07. In this regard please note this Court cannot extend time to file notice of appeal. Rule 26(b), Fed. R. App. P.  Only the district court may do so in the limited circumstances provided by Rule 4(a), Fed. R. App. P.

     The Court **DIRECTS** that all parties respond **IN WRITING** (**original and 3 copies** with a certificate of service).  The responses are to be **RECEIVED** in the Clerk's Office not later than **4/5/07**. The responses may be in either pleading or informal letter form.

     If counsel fail to respond, the matter will be submitted to the Court without the requested response(s).  You are advised that failure to respond may result in the imposition of sanctions by the Court. Parties who do not intend to participate in the appeal are directed to so notify the Court in writing (**original and 3 copies** with a certificate of service).

This notice will not stay the time for making any filings or submissions required by the rules of this Court nor will it stay entry of a briefing schedule.

Very truly yours,
Marcia M. Waldron
Clerk

By:   Kelly A. Glaum
          Motions Attorney

KAG:tmk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, Jason M. Madron, hereby certify that on the 20th day of April, 2007, I electronically

filed the **Genesis Health Ventures, Inc.'s Objection to "Motion for Extension of Time to File**

**Notice of Appeal" [Docket No. 33]** with the Clerk of the Court using CM/ECF which will send

notifications of such filing to the following :

    Teresa K. D. Currier
    currier@klettrooney.com

    Russell C. Silberglied
    Silberglied@rlf.com

I, Jason M. Madron, hereby certify that on the 20th day of April, 2007, I sent via First

Class Mail (Non-Local) and Federal Express (Non-Local) the **Genesis Health Ventures, Inc.'s**

**Objection to "Motion for Extension of Time to File Notice of Appeal" [Docket No. 33]** to the

following participants:

    **Via First Class Mail**

    Michael F. Walsh
    Weil, Gosthal & Manges LLP
    767 Fifth Avenue
    New York, NY 10153

    Adam P. Strochak
    Joanne M. Guerrera
    Weil, Gotshal & Manges LLP
    1300 Eye Street, NW
    Suite 900
    Washington, DC 20005

**Via Federal Express**

James J. Hayes
4024 Estabrook Dr.
Annandale, VA 22003

Jason M. Madron (No. 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
E-mail: Madron@rlf.com