IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| GENESIS HEALTH VENTURES, INC., ET AL., | : | Bankruptcy Case NO. 00-2692-JHW |
| | : | |
| Reorganized Debtor. | : | |
| | : | |
| JAMES J. HAYES, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil Action No. 06-103-JJF |
| | : | |
| GENESIS HEALTH VENTURES, INC., ET AL. | : | |
| | : | |
| Appellees. | : | |

James J. Hayes, Pro Se Plaintiff.

Russell C. Silberglied, Esquire and Jason M. Madron, Esquire of
RICHARDS, LAYTON & FINGER, Wilmington, DE.
Michael F. Walsh, Esquire of WEIL, GOTSHAL & MANGES LLP, New
York, NY.
Adam P. Strochak, Esquire and Joanne M. Guerrera, Esquire of
WEIL, GOTSHAL & MANGES LLP, Washington, D.C.

Attorneys for Defendants.

**MEMORANDUM OPINION**

June 26, 2007
Wilmington, Delaware

Farnan, District Judge

Pending before the Court is a Motion For Extension Of Time To File Notice Of Appeal (D.I. 33) filed by Appellant James J. Hayes. For the reasons set forth below, the Court will deny the Motion.

I. **BACKGROUND**[1]

On February 15, 2007, the Court entered a Memorandum Opinion (D.I. 29) and Final Order (D.I. 30) in this case, affirming the decision of the United States Bankruptcy Court for the District of Delaware (1) denying Appellant's Motion For Appointment Of Pre-Final Decree Equity Committee, (2) denying Genesis Common Stock Class's Motion For Reconsideration Of The Genesis And Multicare Senior Lender Claims And The Genesis And Multicare Senior Subordinated Note Claims, and (3) granting the Reorganized Debtors' Cross-Motion For Sanctions. On March 20, 2007, one day after the deadline to appeal, this Court received Appellant's Notice Of Appeal regarding the Court's Memorandum Opinion and Final Order. (D.I. 31).

On March 26, 2007, the Clerk of the Third Circuit issued a notice advising the parties of the untimeliness of the appeal and directing the parties to respond to the notice regarding potential dismissal of the appeal by April 5, 2007. (D.I. 34,

---

[1] The factual background as described above relates only to the instant Motion. A more comprehensive recounting of the factual background may be found in D.I. 34, Ex. A.

1

Ex. B). Appellant filed the instant Motion on April 3, 2007. Appellees subsequently filed their Motion To Dismiss Appeal in the Third Circuit on April 5, 2007. On April 11, 2007, Appellant filed a Motion To Delay Consideration Of Appellees' Motion To Dismiss Appeal Until The District Court Rules On Pending Motion For Extension Of Time To File Notice Of Appeal, which the Third Circuit granted on April 17, 2007.

## II. PARTIES' CONTENTIONS

By his Motion, Appellant contends that his failure to file a timely notice of appeal is the result of excusable neglect or, in the alternative, good cause. Appellant references the documentation of his efforts to file the notice of appeal in a timely manner, and contends that its late delivery was due to delays in the postal service that were beyond his control. As a result, Appellant requests the Court to exercise its discretion to extend the deadline to file the notice of appeal.

In response, Appellees contend that Appellant has failed to establish good cause or excusable neglect with regard to the untimely filing of the notice of appeal. As such, Appellees contend that the Motion should be denied.

## III. DISCUSSION

Pursuant to Federal Rule of Appellate Procedure 4(a), the 30-day time limit to file a notice of appeal with the district clerk is measured from the entry of the judgment or order. The filing of a notice of appeal within the deadline prescribed by

Appellate Rule 4 is "mandatory and jurisdictional." <u>Browder v. Director, Dept. Of Corrections of Ill.</u>, 434 U.S. 257, 264 (1978). Courts grant leave to file untimely notices of appeal only in unique or extraordinary circumstances. <u>Consolidated Freightways Corp. of Delaware v. Larson</u>, 827 F.2d 916, 918 (3d Cir. 1987). The district court may extend the time to file a notice of appeal if (i) a party so moves no later than 30 days after the time prescribed by Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by Rule 4(a) expires, that party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5). The excusable neglect and good cause standards have "different domains," and one is not inclusive of the other. <u>Lorenzen v. Employees Retirement Plan</u>, 896 F.2d 228, 232 (7th Cir. 1990).

Pursuant to Appellate Rule 4(a), a notice of appeal must be filed with the district clerk within 30 days after entry of the order or judgment appealed from. Fed. R. App. P. 4(a)(1)(A). Appellant failed to comply with Appellate Rule 4(a) by filing his notice of appeal on March 20, 2007, one day after the 30-day deadline had passed. As such, Appellant bears the burden of demonstrating either excusable neglect or good cause to obtain the requested extension of time from this Court pursuant to Appellate Rule 4(a)(5). <u>See</u> <u>Synalloy Corp. v. Gray</u>, 831 F. Supp. 351, 353 (D. Del. 1993) (movant must allege and show excusable neglect for failure to timely file a notice of appeal).

3

The standard for determining excusable neglect is strict, and courts should apply excusable neglect only in extraordinary cases to prevent injustice. <u>Consolidated Freightways Corp. of Delaware v. Larson</u>, 827 F.2d 916, 918 (3d Cir. 1987). The excusable neglect standard applies in situations where there is fault and the need for an extension is within the control of the movant. Fed. R. App. P. 4(a)(5) advisory committee's note to 2002 amends. Courts typically consider a series of factors in determining whether to exercise their discretion in finding excusable neglect. Among the factors that are relevant to determining whether excusable neglect exists are: "(1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure; (2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence; (4) whether the inadvertence reflects a complete lack of diligence; or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance." <u>Id.</u> at 919 (internal citations omitted). In addition, the Court looks to the length of the delay and whether an extension would prejudice the other party. <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993).

After considering the factors discussed in Consolidated Freightways and Pioneer, the Court concludes that Appellant's conduct in filing the untimely notice of appeal does not constitute excusable neglect. Although Appellant appears pro se, courts have held that pro se litigants are required to inform themselves of the rules and abide by them. See, e.g., In re Amer Metrocomm Corp., 196 Fed. Appx. 86, 87-88 (3d Cir. 2006) (holding that courts' obligations to liberally interpret pro se pleadings does not justify ignoring deadlines for filing an appeal); Phillips v. 7912 Merchants Ins. Group, 173 F.3d 845 (2d Cir. 1999) (holding that pro se litigants are required to inform themselves of the rules and comply with them despite being afforded greater latitude). In addition, Appellant has extensive personal experience in taking appeals to the Third Circuit. Appellant is familiar with the deadline to file a notice of appeal as well as the consequences for failure to do so. As a result, the Court concludes that Appellant was fully responsible for ensuring the timely receipt of the notice of appeal.

The Court further concludes that Appellant's conduct does not constitute excusable neglect because the reason for the delay was substantially within Appellant's control. Appellant chose to mail the notice of appeal on a Friday afternoon with the knowledge that it was due the following Monday. Further, Appellant did not select an express or overnight mail service, but instead sent the notice via certified first class mail. The

5

very purpose of certified mail is to inform the sender of the date and time of delivery, which implies that such information is uncertain at the time of mailing.

Although Appellant argues that first class mail service from Merrifield, Virginia to Wilmington, Delaware typically takes one day, he offers no evidence to substantiate his contention,[2] nor does this Court consider Appellant's expectation that a piece of mail will arrive at its destination in one day to be reasonable. See Reinsurance Co. Of Am., Inc., v. Administratia Asigurarilor de Stat., 808 F.2d 1249, 1253 (7th Cir. 1987) (holding that excusable neglect did not exist in a situation where appellant allowed four days for mailing during the Christmas season and the notice of appeal arrived one day late). Courts have held that delays in postal delivery qualify as excusable neglect only when the delay is unpredictable. See Ramseur v. Beyer, 921 F.2d 504, 506-07 (3d Cir. 1990) (holding that a thirteen-day delay between the mailing and receipt of the notice of appeal was unpredictable and therefore constituted excusable neglect). However, a slight variation in the mail delivery schedule is foreseeable, and therefore, the Court concludes that such reasonable delays do not

---

[2] In Gibbs v. Town of Frisco City, Alabama Police Dept., the plaintiff similarly mailed a notice of appeal and allowed two days for delivery, which normally took one day. 626 F.2d 1218, 1220 (6th Cir. 1980). However, a delay in the mail caused the notice to arrive on the third day, which was one day late. Id. Although the court found that excusable neglect existed in that case, the situation differed from the instant action because the plaintiff provided an affidavit detailing the normal delivery schedule. Id.

6

constitute excusable neglect.

Pursuant to the advisory committee notes of the Appellate Rules, good cause applies in situations where there is no fault and the need for an extension of time is caused by something outside the control of the movant. Fed. R. App. P. 4(a)(5) advisory committee's note to 2002 amends. The Court concludes that good cause does not apply in this case because the need for the extension was within Appellant's control, and as discussed in the analysis of the excusable neglect standard, Appellant is at fault for the late delivery. By choosing to mail the notice of appeal only a short time before the deadline without selecting an overnight or express delivery service, Appellant assumed the risk of late delivery.

**IV.  CONCLUSION**

For the reasons discussed, Plaintiff's Motion For Extension Of Time to File Notice Of Appeal will be denied.

An appropriate Order will be entered.