CLD-380

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-3253

---

IN RE: GENESIS HEALTH VENTURES, INC.,

Debtor

---

JAMES J. HAYES,

Appellant

v.

GENESIS HEALTH VENTURES, INC
MELLON BANK NA, Mellon Bank, N.A.

---

On Appeal From the United States District Court
For the District of Delaware
(D.Del. Civ. No. 06-cv-00103)
District Judge: Honorable Joseph J. Farnan, Jr.

---

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
September 13, 2007

Before:    RENDELL, SMITH AND JORDAN, <u>CIRCUIT JUDGES</u>.

---

**JUDGMENT**

---

This cause came on to be heard on the record from the United States District Court for the District of Delaware and was submitted for possible summary action under Third Circuit LAR 27.4 and I.O.P. 10.6. On consideration whereof, it is now here

ORDERED AND ADJUDGED by this Court that the judgment of the District Court entered June 27, 2007, be and the same is hereby AFFIRMED. All of the above in accordance with the opinion of this Court.

ATTEST:

/s/ Marcia M. Waldron
Clerk

DATED: October 2, 2007

Certified as a true copy and issued in lieu of a formal mandate on 11/14/07

Marcia M. Waldron

Teste:
Clerk, U.S. Court of Appeals for the Third Circuit

CLD-380                                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-3253
_____

IN RE: GENESIS HEALTH VENTURES, INC.,

Debtor

-------------------------

JAMES J. HAYES,

Appellant

v.

GENESIS HEALTH VENTURES, INC
MELLON BANK NA, Mellon Bank, N.A.
_____

On Appeal From the United States District Court
For the District of Delaware
(D.Del. Civ. No. 06-cv-00103)
District Judge: Honorable Joseph J. Farnan, Jr.
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
September 13, 2007

Before:   RENDELL, SMITH AND JORDAN, <u>CIRCUIT JUDGES</u>.

(Filed October 2, 2007)

_____

OPINION
_____

PER CURIAM

James J. Hayes, a former Genesis Health Ventures ("Genesis") shareholder, appeals the order of the District Court for the District of Delaware denying his motion for extension of time to file a notice of appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure.

Hayes filed various motions challenging the joint reorganization plan in the Bankruptcy Court in In re Genesis Health Ventures Inc., et al. The Bankruptcy Court denied the motions, and Hayes appealed to the United States District Court for the District of Delaware. On February 16, 2007, the District Court entered its final order affirming the Bankruptcy Court rulings. Hayes filed a notice of appeal on March 20, 2007, which is docketed as C.A. No. 07-1853.

The Clerk's Office informed the parties by letter that the appeal in 07-1853 was subject to possible dismissal as untimely under Federal Rule of Appellate Procedure 4(a)(1)(A). Hayes responded, noting that he was aware of the jurisdictional problem and that he had filed a Rule 4(a)(5) motion in the District Court to resolve it. The appeal was stayed pending the District Court's disposition of the Rule 4(a)(5) motion.

In the District Court, meanwhile, Genesis opposed Hayes's Rule 4(a)(5) motion, asserting that Hayes failed to show good cause or excusable neglect to warrant extending the time for filing a notice of appeal. The District Court considered the factors set forth in Consolidated Freightways Corp. of Delaware v. Larson, 827 F.2d 916, 918 (3d Cir. 1987) and Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 38-, 395 (1993),

and, by order entered June 27, 2007, denied Hayes's Rule 4(a)(5) motion. In doing so, the District Court rejected Hayes's claim that a one-day delay in postal delivery caused the late filing of the appeal and thus, constituted excusable neglect and/or good cause to allow the extension. The District Court held that it was Hayes who chose to assume the risk of mailing the notice of appeal by certified first-class mail on a Friday afternoon knowing that the deadline was the following Monday. The court noted that, unlike the appellant in Gibbs v. Town of Frisco City, Alabama Police Dep't., 626 F.2d 1218 (5th Cir. 1980), Hayes did not provide evidentiary support for his claim that mail service from Merrifield, Virginia to Wilmington, normally took one day. The District Court ruled that, in any event, a one-day departure from the normal delivery schedule was not excusable neglect because the delay was reasonable and foreseeable, unlike the inexplicable and unpredictable thirteen-day delay in Ramseur v. Beyer, 921 F.2d 504 (3d Cir. 1990). The District Court also concluded that Hayes failed to show good cause because the delay was substantially within his control. Hayes filed this timely appeal of the denial of Rule 4(a)(5) relief.

      We have jurisdiction pursuant to 28 U.S.C. § 1291. The District Court's denial of Hayes's Rule 4(a)(5) motion is subject to review for abuse of discretion. See Ramseur v. Beyer, 921 F.2d 504, 506 (3d Cir. 1990).

      We find that the District Court did not abuse its discretion in denying Hayes's motion. Hayes urges this Court to find that his reliance on the normal delivery time

constitutes excusable neglect. We decline to do so. Delivery of first-class mail by a date certain is not guaranteed. Hayes, an experienced litigator, chose to mail his notice of appeal essentially at the eleventh hour. Although he had other reasonable options available to him, such as mailing the notice earlier in the week, or using a commercial express carrier, he took a chance on the regular mail service and lost. We will affirm.